UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00606-FDW-DSC

| JONATHAN HOLMES, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | ORDER |
| RONNIE RAY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 9) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Because Plaintiff appears *pro se*, the Court issued a Roseboro notice (Doc. No. 12) informing Plaintiff of the burden he carries in responding to Defendant's Motion and allowing Plaintiff until March 5, 2013, to respond to Defendant's Motion. Plaintiff responded (Doc. No. 13), and Defendant replied to Plaintiff's response (Doc. No. 14). This matter, having been fully briefed, is now ripe for disposition. Because Plaintiff has failed to make clear the basis of this Court's subject matter jurisdiction, the Court first reviews this issue *sua sponte*. For the following reasons, the Court finds this case should be DISMISSED for lack of subject matter jurisdiction.

I. BACKGROUND

Pro se plaintiff Jonathan Holmes ("Plaintiff"), who is proceeding *in forma pauperis*, initially filed this action in this Court on September 14, 2012. Even though this matter originated in this Court, Plaintiff subsequently filed a Motion for Remand from Federal Court to State Court

(Doc. No. 5) on October 15, 2012. That motion was denied, but the Court, pursuant to Federal Rule of Civil Procedure 15(a)(1) and construing Plaintiff's *pro se* motion liberally, allowed Plaintiff to amend his Complaint to add a party, namely US Airways, Inc. (Doc. No. 6).

Plaintiff amended his Complaint and filed the instant action on October 24, 2012, in this Court, alleging he was a victim of retaliation for reporting safety concerns. Plaintiff also alleges he was wrongfully discharged following an altercation with an unidentified female co-worker. (Doc. No. 7, 2-3). Plaintiff is a former employee of US Airways, Inc., working in the catering department. Plaintiff alleges that Ronnie Ray ("Defendant") was also employed at US Airways, Inc. as "Senior Shift Manager." (Doc. No. 7, 1). Notably, Plaintiff did not add US Airways, Inc. as a party in his Amended Complaint. (Doc. No. 7).

Plaintiff asserts that on August 7, 2010, he reported "safety concerns" to "HR" involving employees allegedly bringing pets and spouses into catering areas and being intoxicated at work. See (Docs. Nos. 7, 2; 8). Plaintiff also alleges he was injured at work on April 19, 2011, when an unidentified "employee intentionally shoved a beverage cart" into Plaintiff's legs. (Doc. No. 7, 3). Lastly, Plaintiff alleges that on May 25, 2012, he was released from employment with US Airways, Inc. following the altercation with a female co-worker on May 16, 2012. It is Plaintiff's contention that his termination was because he reported safety concerns on August 7, 2010

## II. SUBJECT MATTER JURISDICTION

### A. Standard of Review

Rule 12(b)(1) provides for dismissal where the federal district court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction exists

when the complaint raises a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). "When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." Mosley v. Wells Fargo Bank, N.A., 802 F.Supp.2d 695, 698 (E.D.Va. 2011) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)); see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). "A court has an independent duty to ensure that jurisdiction is proper, and, if there is a question as to whether such jurisdiction exists, must raise lack of subject matter jurisdiction on its own motion, without regard to the positions of the parties." Id.

When a court considers its subject matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When determining jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams, 697 F.2d at 1219). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Id. (citing Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987)).

  **B.**  **Analysis**

Construing the Plaintiff's *pro se* complaint liberally, it appears to the Court that neither a

federal question nor diversity jurisdiction is present in this case. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed" and "a *pro se* complaint…must be held to less stringent standards than formal pleadings drafted by lawyers."). As an initial matter, Plaintiff has failed to specifically assert any basis for proper jurisdiction in his Amended Complaint. (Doc. No. 7). At best, a review of Plaintiff's claims indicates reliance of state law for all of his claims. Plaintiff presumably asserts retaliation in violation of North Carolina's Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. § 95-241, *et seq*. Plaintiff also presumably asserts wrongful termination for the May 2012 altercation with the female employee, in violation of North Carolina law. Plaintiff contends that "the claims in which [he] was separated do not justify [his] separation." (Doc. No. 7).

An alleged violation of REDA and a state wrongful termination claim are not federal questions giving this Court subject matter jurisdiction. Plaintiff appears to concede this court lacks jurisdiction because in his Motion to Remand from Federal Court to State Court (Doc. No. 5) requested the Court "to remand this case from federal court to state court due to the matter falling under state law rather than federal." (Doc. No. 5).

Furthermore, to the extent that Plaintiff attempts to assert claims for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") (see Doc. No. 7-1, 2), this Court lacks subject matter jurisdiction over such claims because Title VII does not permit individual liability for employment discrimination; individuals acting as employer's agents are liable in their official capacities only. See Lane v. Lucent Technologies, Inc., 388 F.Supp.2d 590, 594 (M.D.N.C. 2005); Jones v. Sternheimer, 387 Fed.Appx. 366 (4th Cir. 2010) ("To the extent that the finding applied to Jones's claims under Title VII…the district court was correct, as these statutes do not

provide for causes of action against defendants in their individual capacities.") (citations omitted) (unpublished).  Because Plaintiff only brings claims against Defendant in his individual capacity, jurisdiction is lacking.

Additionally, to the extent Plaintiff asserts claims of retaliation under Title VII (see Doc. No. 7-1, 2) against US Airways, Inc., such claims are barred for failure to exhaust Plaintiff's administrative remedies.  See 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009) ("A failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.").  Once the U.S. Equal Employment Opportunity Commission ("EEOC") makes a determination that no reasonable cause exists and issues a dismissal and notice of rights, would-be plaintiffs have ninety (90) days in which to file suit alleging Title VII violations.  Id. Plaintiff's Amended Complaint fails to allege it was filed within ninety (90) days of the receipt of a right-to-sue notice from the EEOC.  Furthermore, though Plaintiff states in his Amended Complaint that he filed an action with the EEOC, he does not provide the date on which such action was filed, or provide the Court with a copy of such complaint.  See (Doc. No. 7); see also Calvert Group, Ltd., 551 F.3d at 300 ("Before a plaintiff may file suit under Title VII…, he is required to file a charge of discrimination with the EEOC.").  Thus, Plaintiff has not exhausted his administrative remedies and cannot assert Title VII claims in this action.

Finally, for federal diversity jurisdiction to exist the suit must be between "citizens of different states" and the amount in controversy must exceed seventy-five thousand (75,000) dollars.  28 U.S.C. § 1332(a)(1).  Because Plaintiff and Defendant are both Charlotte, North Carolina residents, they are non-diverse litigants and these claims cannot be heard in federal

court on the basis of diversity jurisdiction.

In sum, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331 because: (1) claims for violation of REDA and wrongful termination do not raise a federal question; (2) individuals may not be sued in their individual capacity under Title VII; and (3) Plaintiff has failed to exhaust his administrative remedies under Title VII. This Court also lacks subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the litigants are non-diverse.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is DISMISSED for lack of subject matter jurisdiction. In light of this ruling, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is denied as moot.

IT IS THEREFORE ORDERED that Plaintiff's Amended Complaint (Doc. No. 7) is DISMISSED *without prejudice* and Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 9) is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: April 22, 2013

Frank D. Whitney
United States District Judge